|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JONES, | Case No.: 1:16-cv-01585-JLT (PC) |
| Plaintiff, | ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF CALIFORNIA |
| v. | |
| YOU, | |
| Defendant. | |

In this action, the plaintiff seeks to impose liability in this civil rights action pursuant to 42 U.S.C. § 1983.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Though the Plaintiff in this case is currently housed at the California State Prison in Corcoran, California, none of the defendants reside in this district. The claim arose in San Diego County, which is in the Southern District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Southern District of California. In the

1

interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, the Court ORDERS that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated: **May 10, 2017**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

2