# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JONES, CDCR #G-41716,<br><br>                        Plaintiff,<br><br>vs.<br><br>Dr. YOU,<br><br>                        Defendant. | Case No.: 3:17-cv-01001-MMA-WVG<br><br>**ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

ELVIS JONES ("Plaintiff"), currently incarcerated at California State Prison in Corcoran ("COR"), California, and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 21, 2016, in the Eastern District of California. (Doc. No. 1).

**I.    Procedural History**

In one part of his Complaint, Plaintiff alleges that Dr. You, employed by Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, on an unspecified date "denied [him] ongoing medical care by cancelling and ignoring" medical chronos for soft-soled shoes and a lower-tier bunk assignment, and as a result, he was "denied access to [the] mental health medication line and prison dining halls," and "admitted to a crisis

bed at a higher level of care." (*Id.* at a 3-4.) In another portion of his pleading, however, Plaintiff contends he was "transferred from RJD to Corcoran" on November 25, 2014, "where he was seen by Dr. You," and "Corcoran custody officers … disregard[ed] [his] medical needs." (*Id.* at 4, 9.) In addition, the Director's Level Decision of an inmate health care appeal Plaintiff filed at COR requesting that "medical chronos and treatment records from another institution be honored at [his] current institution," Log No. COR HC14056624, dated July 6, 2015, and attached to his Complaint, *id.* at 10-11, does not mention Dr. You or RJD. But it does note that Plaintiff had since been transferred from COR to the California Health Care Facility ("CHCF") in Stockton in May 2015, where he was evaluated by an unidentified PCP [primary care provider] for "neck and knee pain" in June 2015, and where he acknowledged the receipt of "orthopedic shoes and orthotics." (*Id.* at 10.)

On October 21, 2016, a staff note in the Eastern District's docket noted "venue correct," and on October 24, 2016, United States Magistrate Judge Jennifer L. Thurston granted Plaintiff leave to proceed in forma pauperis ("IFP") (Doc. No. 5). But after Plaintiff consented to magistrate judge jurisdiction on April 21, 2017, Judge Thurston transferred the case to the Southern District of California pursuant to 28 U.S.C. § 1406(a), finding that "none of the defendants reside in [the Eastern District]," that Plaintiff's "claim arose in San Diego County," therefore, his case "should have been filed" in the Southern District of California. (Doc. No. 9 at 1.)

Judge Thurston did not screen Plaintiff's Complaint pursuant to either 28 U.S.C. § 1915(e)(2) or § 1915A before the transfer.

**I.      Screening Required by 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.      <u>Standard of Review</u>

While Judge Thurston's transfer Order does not address the inconsistencies in Plaintiff's pleading as to where the substantial part of the events or omissions giving rise to Plaintiff's claims actually arose, *see* 28 U.S.C. § 1391(b)(2), in one section of his Complaint Plaintiff *does* allege the sole Defendant, Dr. You, is employed at RJD (and

presumably resides) in San Diego. *Id.* § 1391(b)(1); Doc. No. 1 at 3.

Because Plaintiff is a prisoner and is proceeding IFP, however, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).
///

B. Plaintiff's Allegations

As noted above, Plaintiff claims "Defendant denied [him] ongoing medical care by cancelling and ignoring his CDCR medical chronos,"[1] and that as a result, he was "denied access to a mental health medication line," "prison dining halls," and admitted to a "crisis bed at a higher level of care." (Doc. No. 1 at 3.) Plaintiff claims Dr. You "informed [him] that he was den[y]ing use of medical devices for his feet because custody officers frowned on inmates['] use of soft-sole[d] … shoes and lower tier chronos." (*Id.* at 4.) He seeks "to be awarded financially through jury trial for pain and suffering." (*Id.* at 5.)

C. Eighth Amendment – Medical Care

1. Standard of Review

Prison officials violate the Eighth Amendment only when they respond with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976) (citations and footnotes omitted).

Medical needs are sufficiently "serious" if, objectively, the failure to treat them "will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and internal quotation marks omitted). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (citations omitted), *overruled on other grounds by WMX Technologies, Inc., v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

///

---

[1] A medical "chrono" is a recommendation, usually related to an inmate's medical condition or course of treatment, issued by a prison physician. *See e.g.*, Cal. Code Regs. tit. 15, § 3043.5(d) (describing the medical chrono also known as "Form 128–C"); *see generally* Cal. Code Regs. tit. 15, § 3000 (defining "general chrono" written on CDC Form 128–B "which is used to document information about inmates and inmate behavior"); *Diaz v. Diaz*, No. 1:12-CV-01296-GBC PC, 2012 WL 5949094, at *2 n.1 (E.D. Cal. Nov. 28, 2012).

A prison official acts with deliberate indifference when the official is subjectively aware of, but purposefully ignores or fails to respond to an "excessive risk to inmate health" (*i.e.*, a serious medical need). *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted). Each defendant's alleged indifference must be "substantial." *Estelle*, 429 U.S. at 105-06; *Lemire v. Cal. Dept. of Corr. and Rehab.* 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted). A prison doctor's mistake, negligence, or malpractice does not establish deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 105-06. "Even gross negligence is insufficient." *Lemire*, 726 F.3d at 1082. Instead, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Colwell*, 763 F.3d at 1066 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (quotation marks omitted).

While a prisoner need not prove that he was completely denied medical care, *Lopez*, 203 F.3d at 1132, and deliberate indifference is manifest when a prison doctor or guard intentionally denies or delays access to medical care or intentionally interferes with "treatment once prescribed," *Estelle*, 429 U.S. at 104-05 (footnotes omitted), a mere disagreement with a defendant's professional judgment concerning what medical care is most appropriate under the circumstances is insufficient. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted). Therefore, the medical care a doctor provides to an inmate amounts to deliberate indifference only if the doctor is alleged to have chosen a course of treatment that "was medically unacceptable under the circumstances" and did so "in conscious disregard of an excessive risk to plaintiff's health." *Colwell*, 763 F.3d at 1068 (citations and internal quotation marks omitted).

Finally, where a prisoner seeks to hold prison officials personally liable for damages, the plaintiff must establish a causal link between the particular defendant's deliberate indifference and the constitutional deprivation alleged. *Leer*, 844 F.2d at 633-34. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). Proper evaluation of causation

involves "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer,* 844 F.2d at 633-34.

    2.   Analysis

Applying these standards, the Court finds Plaintiff's Complaint fails to state a plausible claim for relief under the Eighth Amendment against Dr. You. *Iqbal*, 556 U.S. at 678-79. Plaintiff claims only that You denied him the "use of medical devices for his feet," and "cancel[led] and ignor[ed]" previously issued chronos authorizing his use of soft-soled shoes and a lower-tier housing assignment. *See* Doc. No. 1 at 3-4. But Plaintiff altogether fails to include any factual allegations describing the nature of his physical disability or serious medical need for either of these accommodations. *See Peralta*, 744 F.3d at 1081; *McGuckin*, 974 F.2d at 1059.

Moreover, even if the Court *assumes* Plaintiff suffers from a "serious" medical need, the mere fact that medical chronos accommodating his needs were at some point discontinued, by Dr. You or by any subsequent prison doctor attending to him at RJD or elsewhere, does not by itself support a claim of deliberate indifference. A difference of opinion over what constitutes proper treatment does not rise to the level of an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002). The Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

And although Plaintiff may believe prison official must *always* provide him soft-soled shoes and a lower-tiered bunk regardless of his current physical condition, placement, classification, or other circumstances of incarceration, he may not dictate his own medical treatment. *Bowring*, 551 F.2d at 47-48. In fact, as a matter of law, differences of opinion between a prisoner and his doctors fail to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.

1996); *see also Allison v. Prison Health Services, Inc.*, 2009 WL 205228, at *8 (D. Idaho Jan. 28, 2009) (finding that Plaintiff's assertion that a different orthotic device would provide better treatment was insufficient to support an Eighth Amendment claim); *see also Diaz v. Vasquez*, No. 1:12-CV-00732-GBC PC, 2012 WL 5471803, at *2 (E.D. Cal. Nov. 9, 2012) (finding transfer prison's invalidation of inmate's previous medical chrono for soft-soled shoes failed to state an Eighth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** Plaintiff's Complaint sua sponte and in its entirety for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

The Court further **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint, should he elect to file one, must be titled as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 17-cv-01001-MMA-WVG in it caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2.a. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

///

If Plaintiff <u>fails</u> to file an Amended Complaint within 45 days, *or* if he files an Amended Complaint that still fails to allege a plausible claim for relief against any RJD or other official alleged to reside in San Diego or Imperial County, the Court will dismiss this civil action without further leave to amend pursuant to 42 U.S.C. § 1915(e)(2) and § 1915A. *See Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Finally, should Plaintiff file an Amended Complaint that fails to contain or properly allege a plausible claim for relief arising in the Southern District of California against any Defendant alleged to reside in either San Diego or Imperial County, but *does* re-allege a plausible claim for relief arising at either COR or CHCF against Defendants alleged to reside and/or be employed in either Kings or San Joaquin County, the Court will transfer the case back to the Eastern District of California, where Plaintiff first elected to file it, and where it "could have been brought" pursuant to 28 U.S.C. §§ 84(b) and 1406(a). *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (noting that "plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations)" and terming that selection the "plaintiff's venue privilege.").

**IT IS SO ORDERED**.

DATE: August 18, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge